**DYKEMA GOSSETT LLP**
**BRIAN NEWMAN. (SBN 205373)**
**JOY GANES (SBN 270818)**
**333 South Grand Avenue**
**Suite 2100**
**Los Angeles, California 90071**
**Telephone: (213) 457-1800**
**Facsimile:   (213) 457-1850**

Attorneys for Defendant,
PLAYER AUCTION, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> PLAYER AUCTIONS LLC, a limited liability company <br><br> Defendant. | Case No. CV" 10-2576 CBM (JCx) <br> First Amended Complaint Filed: September 8, 2010 <br> Honorable Jacqueline Chooljian <br><br> **PROTECTIVE ORDER** <br><br> **[CHANGE MADE BY COURT TO PARAGRAPH 14]** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order – including without limitation the parties to this action, their representatives,

agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. **Overview:** Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action (hereinafter "Discovery Material") that is designated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2. **Material Designated As "Confidential":** The person or party disclosing or producing any given Discovery Material may designate as "Confidential" such portion of such material as consists of any trade secret, commercially sensitive and/or confidential financial or business information. Information designated as "Confidential" by any party or third party may include, but shall not be limited to:

> (a) Non-public financial information, including, without limitation, information regarding actual or projected revenues, sales, expenses, profits, losses, or compensation;

> (b) Non-public business plan and strategies, including, without limitation, marketing strategies, research or product information;

(c) Personnel files;

(d) Proprietary technical information, including, without limitation, software code or specifications, manuals, documentation, flow charts, programming, work notes, technical practices and methods, and/or other technical know-how;

(e) Corporate trade secrets, meaning information, including, a formula, pattern, compilation, program, device, method, technique, or process, that;

(1) derives independent economic value, actual or potential, from not being generally known to the public or other persons who can obtain economic value from its disclosures or use; and (2) is the subject of efforts that are reasonably under the circumstances to maintain its secrecy; and

(f) Private or personal information, including without limitation, personal financial information.

The parties request protection of such information on the grounds that said information is not ordinarily available to the public, that said information, if disclosed, could be harmful to the parties, or any of them, that said information, if disclosed, could be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

3.  **Disclosure Of "Confidential" Materials:** No person or party subject to the Order other than the producing person or party shall disclose any of the Discovery

Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

    (a)    the parties to this action and Protective Order;

    (b)    the employees and former employees of the parties to this action in their capacity as witnesses in this action, provided any such former employee has first executed a Non-Disclosure Agreement in the form annexed as an exhibit hereto;

    (c)    in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

    (d)    its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (e)    any employee or agent, or former employee or agent, of any sender or recipient of the document in their capacity as a witness in this action (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order);

    (f)    outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose

such Confidential Discovery Material, provided the parties have disclosed the identity of the expert witness and consultant to the other party and provided the other party an opportunity to object to such disclosure and provided such experts or consultants have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (g) stenographers engaged to transcribe depositions conducted in this action and their support personnel;

    (h) the Court and its support personnel;

    (i) any mediator or settlement officer, whom the parties have elected or consented to preside over the case; and

    (j) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

   4. **Material Designated As "Confidential/Attorneys' Eyes Only":** The person or party disclosing or producing any given Discovery Material may designate material as "Confidential/Attorneys' Eyes Only" only if (a) the material meets the definition of Confidential, pursuant to Section 2 above, and (b) an opposing party is a direct competitor, or a potential direct customer of that party.

   5. **Disclosure Of "Confidential/Attorneys' Eyes Only" Material:** No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

  a) outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

  b) outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided the parties have disclosed the identity of the expert witness and consultant to the other party and provided the other party an opportunity to object to such disclosure and provided such experts or consultants have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  c) the party producing said documents and persons affiliated with the party producing said documents, including the producing party's employees and former employees (provided such former employee has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto), during the time they are testifying in deposition or at trial, or in connection with written discovery requests;

  d) Any employee or agent of any sender or recipient of the document in their capacity as a witness in this action (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be

disclosed to employees or agents of Company B under the terms of this Protective Order);

    e) stenographers engaged to transcribe depositions conducted in this action;

    f) the Court and its support personnel;

    g) any mediator or settlement officer, whom the parties have elected or consented to preside over the case; and/or

    h) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

  6. **Designation of Confidentiality:** With respect to the Confidential portion(s) of any Discovery material other than deposition transcripts and exhibits, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" or "Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or party or that person or party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

7.     **Documents Under Seal:**  If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable).  The application shall be directed to the judge or magistrate judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  The designation of documents or information as "Confidential" or "Confidential/Attorneys' Eyes Only" creates no entitlement to file such documents or information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

8.     **Separate Non-Disclosure Agreements:**  Prior to any disclosure of any Confidential Discovery Material to any person referred to in paragraph 3e, 3f, 3g, 5b, 5d, and/or 5e above, such person shall be provided by counsel with a copy of this Protective Order and if said person has not already signed this Protective Order, said person shall sign a Non-Disclosure Agreement in the form agreed to by the Parties, stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon

request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. **Failure To Designate:** If at any time within 60 days after production, a producing person or party realizes that some portion(s) of Discovery Material that that person or party previously produced without limitation should be designated as "Confidential" and/or "Confidential /Attorneys' Eyes Only", they may so designate by so apprising all parties in writing, and providing said parties with appropriately marked copies of said Discovery Material, where possible, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" under the terms of this Order.   If at any time prior to trial, and after 60 days after production, a producing person or party realizes that some portion(s) of Discovery Material that that person or party previously produced without limitation should be designated as "Confidential" and/or "Confidential /Attorneys' Eyes Only", the producing person or party shall apprise all parties in writing of the proposed designation and the parties shall meet and confer regarding the proposed designation.  If agreement cannot be reached promptly, counsel for the producing party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of providing same. Should the Court determine a revised designation of confidentiality was not made in

good faith, the objecting party shall be entitled to recovery of reasonable attorneys fees and costs in connection with the motion regarding the designation of confidentiality.

10. **Designations In Good Faith:** "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

11. **Objections To Designations:** Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of providing same. Should the Court determine a designation of confidentiality was not made in good faith, the objecting party shall be entitled to recovery of reasonable attorneys fees and costs in connection

with bringing the Motion to object to any designation of confidentiality. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that party nevertheless shall treat and protect such material as Confidential Material in accordance with this Protective Order unless and until all parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order.

12. **Use At Trial:** Documents designated "Confidential" and/or "Confidential/Attorneys' Eyes Only" may be used by any party without limitation at trial. However, any party who wishes to have such documents treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" may renew their request for confidentiality before the trial judge at the status conference and/or through a motion in limine.

13. **Continuing Jurisdiction:** This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. **Obligations Upon Termination Of Litigation:** This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, the producing party may require that all Discovery Materials designated as "Confidential," and/or "Confidential/Attorneys' Eyes Only"

and all copies thereof, that have not been annotated, illuminated or otherwise "marked-up" to be promptly returned to the producing person or party (at the producing person's expense), or shall be destroyed. All documents marked "Confidential," and/or "Confidential/Attorneys' Eyes Only" that have been annotated, illuminated or otherwise "marked-up" shall not be returned, but shall be destroyed. Counsel, however, shall be entitled to maintain an archival copy of all pleadings, discovery and work product in this action. This paragraph does not require the Court or Court personnel to return or destroy documents fitting the foregoing description which have been filed/lodged with the Court.

15. **Further Modifications:** Any party to this action may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

16. **No waiver**: This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any

///

///

such document or information or altering any existing obligation of any party or the absence thereof

Dated: April 11, 2011					DYKEMA GOSSETT LLP


							By:*/s/ Brian H. Newman*
							    Brian H. Newman
							    Attorney for Defendant
							    PLAYER AUCTIONS, LLC

Dated: April 11, 2011					KEATS, MCFARLAND & WILSON, LLP


							By:*/s/ David K. Caplan (with permission)*
							     David K. Caplan
							     Attorney for Plaintiff
							     ZYNGA INC., formerly known as
							     ZYNGA GAME NETWORK INC.



**ORDER**


	IT IS SO ORDERED.



DATED: April 13, 2011				_____/s/_____
							Hon. Jacqueline Chooljian
							United States Magistrate Judge

PROTECTIVE ORDER

# EXHIBIT A

# NON-DISCLOSURE AGREEMENT

I understand that access to information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY is provided to me under the terms and restrictions of a Stipulation and Protective Order. I have received a copy of the Stipulation and Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS EYES ONLY that is provided to me in connection with this action except as permitted by the Stipulation and Protective Order.

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____

PAS01\197679.1
ID\BHN - 107220/0001